## No. 12,866.

COLORADO STATE BANK v. RIEDE.
(20 P. [2d] 1010)

Decided March 27, 1933.    Rehearing denied April 17, 1933.

Mr. A. L. Taylor, for plaintiff in error.

Mr. E. H. Stinemeyer, for defendant in error.

*In Department.*

Mr. Justice Moore delivered the opinion of the court.

The Colorado State Bank sued F. E. Riede in the district court of Fremont county in replevin to obtain possession of a certain automobile. After trial to a jury, the lower court directed a verdict for the defendant and judgment was accordingly entered, a review of which is here sought.

The undisputed evidence discloses that on September 27, 1930, A. A. Moschetti, doing business as the "Red Head Motor Sales," was a licensed dealer in new Chrysler automobiles in Canon City, Colorado; that pursuant to negotiations between the parties, on September 28, 1930, Moschetti sold and delivered to Riede the new automobile in question, accepting as payment therefor a used automobile belonging to Riede and the balance in cash; that Moschetti then duly executed a dealer's bill of sale to Riede which the defendant in error presented to the county clerk and recorder on October 7, 1930, and received a certificate of title therefor; that at all times since September 28, 1930, Riede has been in actual and exclusive possession of said automobile. On October 1, 1930, Moschetti, representing himself to be the owner of said automobile, secured a loan of $1,000 from the Colorado State Bank and gave as security therefor a chattel mortgage thereon which was recorded October 2, 1930. Default having been made in the payment of this note, this suit was instituted.

It is the contention of plaintiff in error that Riede's failure to obtain a certificate of title to said au-

tomobile prior to the execution and recording of plaintiff's chattel mortgage precludes him from retaining title to and possession of said automobile. No pertinent authorities have been cited in support of this claim.

Section 3, chapter 137, Session Laws of 1927, designated ''An Act relating to the title of motor vehicles and to amend chapter 136, Session Laws of Colorado, 1925,'' provides: ''After the passage of this Act transfer of title to a new or used motor vehicle shall not be made until transferor has applied for and been granted a certificate of title in conformity with the provisions of this Act except in cases of dealers selling new motor vehicles as provided herein. * * * On the presentation of a bill of sale, executed in the form prescribed by the Secretary of State, by a manufacturer or dealer for a new motor vehicle sold in this state, a certificate of title shall be issued in accordance with the provisions of this Act.''

Riede purchased a new automobile from a dealer, Moschetti, and comes within the exception above noted. Upon the execution and delivery of a dealer's bill of sale and the delivery of the car by Moschetti to Riede, the transfer was complete and title passed to Riede. The act does not require the purchaser of a new automobile from a dealer to record his dealer's bill of sale as a condition precedent to the passing of title to him. In entire good faith, Riede purchased and paid for the automobile in question and received title thereto. In such circumstances plaintiff's failure to ascertain the facts in connection with the title to said automobile before making the loan to Moschetti cannot be urged to defeat Riede's title.

The judgment of the lower court was right and accordingly it is affirmed.

Mr. Chief Justice Adams and Mr. Justice Butler concur.